IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03214-BNB

BENAD ABIODUN,

    Petitioner,

v.

ERIC HOLDER, Attorney General of the United States, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

Petitioner, Benad Abiodun, who resides in Nigeria, initiated this action on November 22, 2103, by filing a "Motion Pursuant to Court Order Seeking Leave to File a Pro Se Action" [Doc. # 1]. For the reasons discussed below, the Motion will be denied and this action dismissed.

In *Benad Abiodun v. Eric Holder, The Attorney General of the United States*, Civil Action No. 11-cv-02113-RBJ-BNB (D. Colo. Sept. 5, 2012), Mr. Abiodun filed a Civil Complaint challenging (1) the denial of his application for naturalization; (2) the fact and length of his detention pending removal; (3) his order of removal and his removal; and (4) his state criminal conviction. In that case, Mr. Abiodun was sanctioned for abusive litigation conduct. Specifically, the Court ordered that Mr. Abiodun may not proceed *pro se* in any future filings unless he first obtained permission from the Court after meeting certain conditions. *See* No. 11-cv-02113-RBJ-BNB, *Recommendation*, Doc. ## 22, at 9; *Order Affirming Recommendation*, Doc. # 24, at 2. Specifically, Mr.

Abiodun was directed that he must file a motion identifying whether the legal issues raised in the new case were raised in other proceedings in this court and, if so, the case number and docket number where the issues were raised.  *Id.*, Doc. # 22, at 9.  In addition, Mr. Abiodun must file a notarized affidavit with the court which certifies that the legal arguments raised in the motion are not frivolous or made in bad faith; are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and the case is not being filed for any improper purpose.  *Id.*

Mr. Abiodin has failed to comply with the conditions necessary for him to proceed *pro se* in this action.  In the Motion, he requests that the Court issue an injunction requiring the Defendants to re-admit him to the United States.  [Doc. # 1, at 7].  However, the crux of the Motion once again challenges his state court conviction, his immigration status, and the final order of removal, issues that he has raised in numerous other proceedings filed in this court.  [*See* Doc. # 1, at 1-2, citing cases; *see also* Action No. 11-cv-02113-RBJ-BNB, at Doc. # 7].  The Court finds that this action is legally frivolous because Mr. Abiodun fails to allege facts to support an arguable claim for relief.  Further, the action is malicious because the substance of the Motion was found to lack merit in his prior actions.  Accordingly, it is

ORDERED that Mr. Abiodun's "Motion Pursuant to Court Order Seeking Leave to File a Pro Se Action" [Doc. # 1], filed on November 22, 2103, is DENIED and this action is DISMISSED.  It is

FURTHER ORDERED that *in forma pauperis* status is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Abiodun files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  3rd  day of    December    , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court